NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JULIO RAMOS,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN DAVID ORTIZ,<br><br>        Respondent. | **THE HONORABLE RENÉE MARIE BUMB**<br><br>Civil Action<br>No. 19-12351 (RMB)<br><br>**OPINION** |

**BUMB**, United States District Judge.

Julio Ramos, a federal prisoner confined at FCI Fort Dix, New Jersey, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). For the reasons expressed below, this Court will dismiss the petition for lack of jurisdiction.

I.    BACKGROUND

Petitioner was arrested in the Dominican Republic on or about August 13, 1999. (ECF No. 1-2 at 1). He was extradited to the United States for trial pursuant to the 1910 Extradition Treaty between the Dominican Republic and the United States. (Id.). A jury in the Southern District of Texas convicted Petitioner of conspiracy to possess with intent to deliver in excess of five kilograms of cocaine and in excess of 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. United

States v. Ramos, No. 99-0457-4 (S.D. Tex. Apr. 10, 2002) (ECF No. 727).[1] The trial court sentenced Petitioner to 405 months' imprisonment. (Id.). The United States Court of Appeals for the Fifth Circuit affirmed the convictions and sentence. United States v. Ramos, 71 F. App'x 334 (5th Cir. 2003) (per curiam). In 2004, Petitioner filed an unsuccessful motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. Ramos v. United States of America, No. 04-3168 (S.D. Tex. Sept. 4, 2004).

In 2012, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Southern District of Georgia arguing that his sentence violated the Extradition Treaty between Dominican Republic and the United States. Ramos v. Haynes, No. 2:12-0044 (S.D. Ga. Mar. 1, 2012). He argued that the trial court violated the treaty by sentencing him in excess of 30 years, the maximum sentence he could have received had he been tried in the Dominican Republic. (Id.). "The court found that a prisoner may not file a 28 U.S.C. § 2241 unless a motion under § 2255 would be 'inadequate or ineffective to test the legality of his detention.' Petitioner was unable to demonstrate that a petition under § 2255 was inadequate or ineffective." (ECF No. 1-2 at 2). The Eleventh

---

[1] The Court takes judicial notice of these public records.

2

Circuit affirmed. Ramos v. Warden, FCI Jesup, 502 F. App'x 902 (11th Cir. 2012).

Petitioner filed a second petition under § 2241 in 2013, again arguing that his extradition to the United States and subsequent conviction violated the treaty. Ramos v. Hastings, No. 2:13-0095 (S.D. Ga. July 19, 2013) (ECF No. 1). The district court dismissed the petition for lack of jurisdiction. Ramos, No. 2:13-0095 (S.D. Ga. Jan. 28, 2014) (ECF No. 12).

Petitioner requested permission from the Fifth Circuit under 28 U.S.C. § 2244(b)(3)(A) to file a second or successive motion under § 2255(h) on March 12, 2019. (ECF No. 1-2 at 4). See also In re: Julio A. Ramos, No. 19-20189 (5th Cir. Apr. 10, 2019). The court of appeals denied the motion. (ECF No. 1-3 at 68). It warned Petitioner "that the continued filing of frivolous, repetitive, or otherwise abusive attempts to challenge his convictions and sentences in this court or any court subject to this court's jurisdiction will invite the imposition of sanctions." (Id. at 69).

Petitioner filed this § 2241 petition on May 9, 2019. (ECF No. 1). He argues that "the execution of his sentence violates the treaty of which he was extradited, which violates his due process right." (ECF No. 1-2 at 4). He relies on an Eleventh Circuit case, Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253 (11th Cir. 2013), overruled by McCarthan v. Dir. of Goodwill Indus.-Suncoast,

3

Inc., 851 F.3d 1076 (11th Cir. 2013), for the proposition that § 2241 provides a remedy because his sentence exceeded the maximum sentence he could have received in the Dominican Republic. (Id. at 5).

This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Petitioner brings this petition as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney Gen., 878 F.2d 714, 721–22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

4

## III. ANALYSIS

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

"A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Id. at 539 (citations omitted). "It is the inefficacy of the remedy, not the

5

personal inability to use it, that is determinative." Id. at 538 (citation omitted); see also Okereke, 307 F.3d at 120-21.

Presently in the Third Circuit, prisoners may use § 2241 to challenge their convictions after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013)). "It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." Id.

The Court lacks jurisdiction over the § 2241 petition because Petitioner had prior opportunities to raise his claims in the sentencing court. The fact that Petitioner was denied the requested relief by the sentencing court and the Fifth Circuit does not make § 2255 ineffective or inadequate.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of

justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The Court finds that it is not in the interests of justice to transfer this motion as the Fifth Circuit has already denied Petitioner's request to file a second or successive § 2255 motion on the grounds raised. Nothing in this opinion, however, should be construed as prohibiting Petitioner from seeking the Fifth Circuit's permission to file on his own should he so choose.

**IV. CONCLUSION**

For the reasons stated above, the petition is dismissed for lack of jurisdiction. An accompanying Order will be entered.

Dated: **October 10, 2019**

                                        s/ RENÉE MARIE BUMB
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**